**Sharnjit SINGH, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

**No. 06–70679.**

United States Court of Appeals, Ninth Circuit.

Submitted July 29, 2009.*

Filed Aug. 3, 2009.

Richard E. Oriakhi, Esq., Roman & Singh, LLP, Fremont, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Linda S. Wernery, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, Eric Hoffmann, Chicago, IL, for Respondent.

Before: WALLACE, LEAVY, and HAWKINS, Circuit Judges.

MEMORANDUM **

Sharnjit Singh, a native and citizen of India, petitions for review of the Board of

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence and will uphold the agency's decision unless the evidence compels a contrary conclusion. *Martinez v. Holder*, 557 F.3d 1059, 1060 (9th Cir.2009). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the agency's determination that Singh's asylum application was untimely because that finding is based on disputed facts. 8 U.S.C. § 1158(a)(3); *Ramadan v. Gonzales*, 479 F.3d 646, 650 (9th Cir.2007) (per curiam). Accordingly, his asylum claim is dismissed.

Substantial evidence supports the agency's adverse credibility determination because the discrepancies regarding Singh's entry into the United States, and the circumstances of his first arrest, go to the heart of his claims. *See Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir.2004). Accordingly, Singh's withholding of removal claim fails.

Because Singh's CAT claim is based on the same testimony the agency found not credible, and he points to no other evidence the agency should have considered, he has failed to establish eligibility for CAT relief. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156–57 (9th Cir.2003).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.